**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

TINA P. SOLOMON,

                    **Plaintiff,**

v.                                                                    Civil Action No. 3: 11CV628

SAMUEL I WHITE, P.C.,

                    **Defendant.**

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1.      This is an action seeking damages arising from Defendant's unlawful attempts to collect a home mortgage debt alleged owed by Mrs. Solomon and to foreclose on the subject Deed of Trust. Mrs. Solomon alleges that Defendant, a debt collection law firm, violated the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq.* ("FDCPA") by, among other things, failing to inform Ms. Solomon that in order to obtain validation of the alleged debt and/or the name and address of the original creditor that they had to do so "in writing," and by making false statements in connection with the debt in violation of 15 U.S.C. §1692e and g(a)(4) and (5).

### JURISDICTION

2.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. §1692k(d).

### PARTIES

3.      Plaintiff Tina P. Solomon ("Mrs. Solomon") is a natural person who resides in Virginia. Mrs. Solomon is a consumer within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

4.      Defendant Samuel I. White, P.C. is a law firm with offices in Maryland, Virginia, and West Virginia, the principal purpose of whose businesses is the collection of debts, and is located at 1804 Staples Mills Road, Suite 200, Richmond, Virginia 23230.

5.      Defendant regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6). Defendant moreover uses one or more instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests.

## STATEMENT OF FACTS

### *Samuel I. White is a Debt Collector*

6.      Defendant Samuel I. White, P.C. is a law firm whose practice is focused on the collection of debts.

7.      Defendant advertises that it specializes in default services through the use of a "comprehensive, common sense approach, that "streamlines the default process, mitigates [their] clients' risk and expedites the transaction."[1]

8.      Defendant regularly collects home loan debts.

9.      Defendant regularly demands payment from consumers of claimed arrearages and provides to consumers reinstatement quotes and itemizations of amounts that Defendant is attempting to collect.

10.     Defendant regularly tells consumers in correspondence that "this is an attempt to collect a debt and any information obtained will be used for that purpose" and/or that the communication is from a debt collector, the disclosures that the FDCPA, at 15 U.S.C. §

---

[1] *See* http:// www.siwpc.net/

1692e(11), requires that debt collectors provide in all written communications (other than a

formal pleading) sent "in connection with the collection of any debt" ("the § 1692e(11)

disclosure").

11.      Defendant regularly attempts to provide the verification of debts required by the

FDCPA, at 15 U.S.C. § 1692g(b), upon written request from consumers.

12.      Defendant sent Mrs. Solomon a September 24, 2010 dunning letter,[2] which stated

that the Defendant had been instructed to initiate foreclosure proceedings on Mrs. Solomon's

home. A copy of the September 24, 2010 correspondence is attached hereto as EXHIBIT A.

13.      The debt, a home loan, was incurred primarily for personal, family, or household

purposes, within the purview of the FDCPA. 15 U.S.C. § 1692a(5).

14.      At the time of this initial communication, Mrs. Solomon was in default on her

mortgage loan.

15.      The September 24, 2010 correspondence stated the following information was

provided as required by the Federal Fair Debt Collections Practices Act:

> NOTICE REQUIRED BY THE FAIR DEBT COLLECTION PRACTICES ACT
> 15 U.S.C. Section 1692, *et. seq.*
>
> .... The following information is provided to you as required by the Federal Fair Debt
> Collections Practices Act:
>
> 1. As of September 24, 2010, the lender has advised us that the amount of the
>    debt is $911,292.71*.
>
> 2. A reinstatement (bring current) figure may be obtained by calling 757-
>    490-9284.

---

[2] A "dunning letter" is a letter demanding payment of a debt--*i.e.*, a collection notice. *Bicking v. Law Offices of Rubenstein and Cogan,* ___ F. Supp. 2d at ___, 2011 WL 1740156, 2011 U.S. Dist. Lexis 48623 *2, n. 1 (E.D. Va. 2011).

3. The creditor to whom the debt is owed is The Bank of New York Mellon FKA The Bank of New York As Trustee For The Benefit Of Alternative Loan Trust 2007-J1 Mortgage Pass-Through Certificates, Series 2007-J1.

4. The Fair Debt Collection Practices Act entitles you to dispute the debt, or any portion thereof, within thirty (30) days of your receipt of this letter. The law also entitles you to request that we provide you the name of the original creditor if the original creditor is different from the current creditor, which is The Bank of New York Mellon FKA The Bank of New York As Trustee For The Benefit Of Alternative Loan Trust 2007-J1 Mortgage Pass-Through Certificates, Series 2007-J1. If you choose to dispute the debt, or any portion thereof, or if you choose to request the name of the original creditor, you must notify us within thirty (30) days of the date you receive this letter.

5. If you notify us within thirty (30) days of the date you receive this letter that you are disputing the debt, or any portion thereof, or if you notify us within thirty (30) days after the date you receive this letter that you want to know the name of the original creditor if that creditor is different from The Bank of New York Mellon FKA The Bank of New York As Trustee For The Benefit Of Alternative Loan Trust 2007-J1 Mortgage Pass-Through Certificates, Series 2007-J1, then we will obtain and mail to you verification of the debt and/or the name and address of the original creditor.

6. The Fair Debt Collection Practices Act does not require that we wait until thirty (30) days from the date that you receive this letter before initiating proceedings to foreclose your mortgage. In the event we do initiate foreclosure proceedings during the thirty (30) days after the date you receive this letter, you still retain the right to dispute the debt, or any portion thereof, and you also retain the right to request the name of the original creditor if the original creditor is different from The Bank of New York Mellon FKA The Bank of New York As Trustee For The Benefit Of Alternative Loan Trust 2007-J1 Mortgage Pass-Through Certificates, Series 2007-J1.

7. If you request proof of the debt or any portion thereof or if you request the name of the original creditor within thirty (30) days from the date you receive this letter, the Fair Debt Collection Practices Act requires us to suspend our efforts to foreclose the mortgage on your property only until we mail you the information validating the debt and/or we provide you with the name and address of the original creditor. If the foreclosure sale has been advertised and we respond as set forth above, the sale will not be canceled.

Any written requests should be addressed to:
Samuel I. White, P.C.
5040 Corporate Woods Drive, Suite 120
Virginia Beach, VA 23462
Attn: Debt Dispute Desk

16.     The text of the notice requirement set forth in the FDCPA, at 15 U.S.C. § 1692g,

reads as follows:

*Notice of debt; contents*
        (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--
                (1)     the amount of the debt;
                (2)     the name of the creditor to whom the debt is owed;
                (3)     a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
                (4)     a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
                (5)     a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

*Disputed debts*
        (b) Disputed debts. If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

17.     The notice by which the Defendant purports to make the required disclosures is defective in various respects.

18.     Defendant's purported notice to Mrs. Solomon of her thirty day validation rights failed to disclose that *oral* disputes overcome the debt collector's assumption of validity of the debt, required by the FDCPA at § 1692g(3) to be disclosed as follows:

**§ 1692g.      Validation of debts**

*Notice of debt; contents*
(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--
...
(3)     a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

19.     Defendant was required to disclose to Mrs. Solomon that she was entitled to dispute the debt *orally* in order to overcome a debt collector's assumption that a debt is valid.

20.     Other contradictions exist between Defendant's Notice and the actual disclosure language of the validation notice required by 15 U.S.C. § 1692g.

21.     The contradictions could confuse or mislead the least sophisticated consumer into disregarding or losing his rights under the validation notice. As Judge Spencer has stated, a notice is overshadowing and contradictory if it would make the least sophisticated consumer uncertain as to her rights. *Creighton v. Emporia Credit Service, Inc.*, 981 F. Supp. 411, 416 (E.D. Va. 1997). (As a consequence finding that the validation notice at issue violated § 1692g as a matter of law and granting summary judgment for the consumer on that issue.)

22.     In order to trigger the debt collector's duty to provide verification of the debt, the consumer must dispute the debt *in writing*, as set forth in the Act as follows:

**§ 1692g.        Validation of debts**

*Notice of debt; contents*
(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--

...

(4)      a statement that if the consumer notifies the debt collector *in writing* within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5)      a statement that, upon the consumer's *written* request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(Emphasis added)

23.    Additionally, § 1692g(b) requires the debt collector to disclose that in the

event of a timely *written* validation request to cease collection of the debt or the disputed

portion until the requested verification or identity of the original creditor is mailed to the

consumer, set forth as follows:

*Disputed debts*

(b) Disputed debts. If the consumer notifies the debt collector *in writing* within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector *in writing* that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure

of the consumer's right to dispute the debt or request the name and address of the original creditor.

(Emphasis added)

24. Defendant's purported thirty day validation notice disclosure omits any reference to the in writing requirement.

25. Paragraphs 4 and 5 of Defendant's purported thirty day validation notice disclosure omit any reference to the in writing requirement.

26. In Paragraph 6, Defendant purports to notify Mrs. Solomon that she would "still retain the right to dispute the debt, or any portion thereof, and you also retain the right to request the name of the original creditor if the original creditor is different from The Bank Of New York Mellon Fka The Bank Of New York As Trustee For The Benefit Of Alternative Loan Trust 2007-J1 Mortgage Pass-Through Certificates, Series 2007-J1."

27. However, Paragraph 6 does not state that Mrs. Solomon would have to dispute the debt *in writing* in order to trigger her right to obtain verification of the debt or to obtain from Defendant the name and address of the creditor if different from the current creditor.

28. In similar fashion, Paragraph 7 of Defendant's September 24, 2010 dunning letter purports to notify Mrs. Solomon as to what happens "If you request proof of the debt or any portion thereof or if you request the name of the original creditor within thirty (30) days from the date you receive this letter," advising Mrs. Solomon that "the Fair Debt Collection Practices Act requires us to suspend our efforts."

29. However, Paragraph 7 of Defendant's September 24, 2011 dunning letter does not state that Mrs. Solomon would have to dispute the debt *in writing* in order to trigger the § 1692g(b) requirement that Defendant cease collection of the debt, or any disputed portion thereof, until Defendant obtains verification of the debt or a copy of a judgment, or the name and

Page 8

address of the original creditor, and a copy of such verification or judgment, or name and address

of the original creditor, is mailed to Mrs. Solomon by Defendant.

30.    With respect to the failure to notify the consumer of the § 1692g(a)(4) and (5)

writing requirement, Judge Merhige put it this way:

> the collection letter instructed (the consumer) to either "contact" the debt
> collection agency or make payment in full. There is no indication
> anywhere in the letter whether such "contact" must be in writing or by
> telephone. Pursuant to § 1692g, however, if a consumer contests a debt by
> telephone rather than in writing, the consumer will inadvertently lose the
> protections for debtors set forth in the FDCPA; the debt collection agency
> would be under no obligation to verify the debt and cease all collection
> efforts as required by § 1692g(b).

*Withers v. Eveland*, 988 F. Supp. 942, 947 (E.D. Va. 1997).

31.    More recently, Judge Hudson repeated this principle as follows:

> Where the debt collector fails to advise that the debtor's requests under
> subsections (a)(4) and (5) must be in writing, the least sophisticated
> consumer is not simply uncertain of her rights under the statute, she is
> completely unaware of them.
>
>     The fact that [the plaintiff] may have disputed her debt in writing
> does not alter this Court's conclusion. Indeed, because the FDCPA is a
> strict liability statute, evidence of actual deception is unnecessary.
> Whether the debt collector's letter complies with the statute is determined
> objectively; the inquiry is whether an unsophisticated consumer or debtor
> would be confused by the contents of the letter.
>
>     Nor does it matter whether Defendants would have honored an oral
> request. A debt collector's statutory duty to verify the debt does not arise
> unless and until the debtor disputes the debt in writing. Absent some
> mention of the "in writing" requirement, the least sophisticated debtor
> may very well dispute the debt only orally, and therefore never trigger the
> collector's duty to verify the debt. Plaintiffs have clearly stated a claim
> under Sections 1692g(a)(4) and (5) of the FDCPA.
>
>     For similar reasons, Plaintiffs have also stated a claim under
> *Section 1692e(10)*.
>     . . .
>     As explained above, Defendants' failure to include the "in writing"
> requirement could easily deceive the least sophisticated debtor into

believing that oral notice is sufficient, and therefore cause the consumer to forfeit his or her rights under subsections (a)(4) and (5) of *Section 1692g*. The alleged violations of *Sections 1692g(a)(4)* and *(5)* therefore also state a claim under *§ 1692e(10)*.

*Bicking v. Law Offices of Rubenstein and Cogan*, __ F. Supp. 2d at __, 2011 WL 1740156, *4-5, 2011 U.S. Dist. Lexis 48623, *9-11 (E.D. Va. 2011) (internal quotations and citations omitted).

32.     Defendant makes no reference to the writing requirement in Paragraphs 5, 6 and 7 of the Notice.

33.     A notice is overshadowing and contradictory if it would make the least sophisticated consumer uncertain as to her rights. *Creighton v. Emporia Credit Service, Inc.*, 981 F. Supp. 411, 416 (E.D. Va. 1997), citing *Russell v. Equifax A.R.S.*, 74 F.3d 30, 35 (2nd Cir. 1996).

### *Defendant States the Note is Lost, Misplaced or Destroyed*

34.     In correspondence to Mrs. Solomon dated, September 24, 2010, Defendant stated that The Bank of New York Mellon FKA The Bank of New York As Trustee For The Benefit Of Alternative Loan Trust 2007-J1 Mortgage Pass-Through Certificates, Series 2007-J1 is the beneficiary or successor beneficiary under Mrs. Solomon's property. A copy of the September 24, 2010 correspondence is attached hereto as EXHIBIT B.

35.     The September 24, 2010 correspondence included the following statement:

"Take notice that the original note evidencing your indebtedness has been lost, misplaced or destroyed, and is unavailable. If you believe you may be subject to a claim by another person or entity other than The Bank of New York Mellon FKA The Bank of New York As Trustee For The Benefit Of Alternative Loan Trust 2007-J1 Mortgage Pass-Through Certificates, Series 2007-J1 to enforce the note..."

36.     Upon information and belief, the original note evidencing Mrs. Solomon's indebtedness had not been lost, misplaced or destroyed, making Defendant's representation false.

37.     With respect to the "evidence of the indebtedness referenced above," Va. Code §

55-59.1 provides in pertinent part the following:

> § 55-59.1. Notices required before sale by trustee to owners, lienors, etc.; if note lost.
>
> ...
>
>> B. If a note or other evidence of indebtedness secured by a deed of trust is lost or for any reason cannot be produced and the beneficiary submits to the trustee an affidavit to that effect, the trustee may nonetheless proceed to sale, provided the beneficiary has given written notice to the person required to pay the instrument that the instrument is unavailable and a request for sale will be made of the trustee upon expiration of 14 days from the date of mailing of the notice. The notice shall be sent by certified mail, return receipt requested, to the last known address of the person required to pay the instrument as reflected in the records of the beneficiary and shall include the name and mailing address of the trustee.

38.     Upon information and belief, the beneficiary of the note had not submitted to the

trustee an affidavit to the effect that the note or other evidence of indebtedness secured by the

subject deed of trust is lost or for any reason could not have been produced.

39.     That is, The Bank of New York Mellon FKA The Bank of New York As Trustee

For The Benefit Of Alternative Loan Trust 2007-J1 Mortgage Pass-Through Certificates, Series

2007-J1[3], had not submitted to Defendant an affidavit to the effect that the note or other evidence

of indebtedness secured by the subject deed of trust is lost or for any reason could not have been

produced.

40.     Defendant's September 24, 2010 letter further advised Mrs. Solomon that

Defendant was attempting to collect a debt.

---

[3] Mrs. Solomon does not concede that the actual beneficiary is The Bank of New York Mellon FKA The Bank of New York As Trustee For The Benefit Of Alternative Loan Trust 2007-J1 Mortgage Pass-Through Certificates, Series 2007-J1, but instead assert that Defendant's use the name of the creditor that the Defendant initially purported to be the beneficiary demonstrates that there was never a lost note affidavit from any possible beneficiary.

### *Mrs. Solomon Requests Verification of the Debt*

41.     In correspondence dated October 20, 2010, Mrs. Solomon requested verification

of the debt pursuant to the Fair Debt Collections Practices Act.

42.     Defendant forwarded correspondence dated October 21, 2010, to Mrs. Solomon to

notify her that a foreclosure sale is scheduled for her property for November 12, 2010.

43.     In correspondence dated October 29, 2010, Mrs. Solomon, through counsel, again

requested verification of the debt pursuant to the Fair Debt Collections Practices Act. A copy of

the October 29, 2010 correspondence is attached hereto as EXHIBIT C.

44.     In that same correspondence, Mrs. Solomon, through counsel, requested a copy of

the  notice of the lost note that was sent to Mrs. Solomon from the beneficiary and a copy of the

lost note affidavit, pursuant to Va. Code § 55-59.1.

45.     In correspondence dated November 19, 2010, Defendant purported to respond to

Mrs. Solomon's request for verification of the debt which included the Deed of Trust, a copy of

the Note and an account summary. A copy of the November 19, 2010 letter is attached hereto as

EXHIBIT D.

46.     The correspondence also provided a payoff statement with figures projected

through November 22, 2010.

47.     The Note included with the November 19, 2010 correspondence is payable to

America's Wholesale Lender. However, there is an endorsement in blank on page 3 of the Note.

48.     This statement demonstrates that one or more of the Defendant's statements are

false.

49.     Either the note was never lost, misplaced or destroyed as the Defendant indicated

in their September 24, 2010 correspondence (EXHIBIT B) or The Bank of New York Mellon

Page 12

FKA The Bank of New York As Trustee For The Benefit Of Alternative Loan Trust 2007-J1

Mortgage Pass-Through Certificates, Series 2007-J1 was not the proper creditor as stated in the

Defendant's September 24th and November 19th correspondences (EXHIBITS A and D).

50.     Defendant knew or should have known that this and each of the foregoing

misrepresentations that it made was false.

51.     As a result of the acts and omissions of the Defendant, Mrs. Solomon has suffered

actual damages and injury, including but not limited to, emotional distress, mental anguish and

suffering, loss of peace of mind, and a loss of statutorily protected rights.

### Count I: Violations of the FDCPA, 15 U.S.C. § 1692g

52.     The foregoing allegations of the Complaint are incorporated by reference.

53.     By failing to disclose that oral disputes overcome the debt collector's assumption

of validity of the debt, Defendant violated 15 U.S.C. § 1692g(a)(3).

54.     As a result, Plaintiff is entitled to recover statutory damages, actual damages,

reasonable attorney's fees, and costs against Defendant pursuant to 15 U.S.C. § 1692k.

### Count II: Violations of the FDCPA, 15 U.S.C. § 1692g

55.     The allegations of Paragraphs 1 through 54 of the Complaint are incorporated by

reference.

56.     By failing to inform Plaintiff that in order to obtain validation of the alleged debt

and/or the name and address of the original creditor, or to obtain the right to have the debt

collector cease collection of the debt, or any disputed portion thereof, the request must be "in

writing," Defendant violated 15 U.S.C. § 1692g. *Bicking v. Law Offices of Rubenstein and*

*Cogan*, __ F. Supp. 2d at __, 2011 WL 1740156, 2011 U.S. Dist. Lexis 48623 (E.D. Va. 2011).

57.     As a result, Plaintiff is entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs against Defendant pursuant to 15 U.S.C. § 1692k.

### Count III: Violations of the FDCPA, 15 U.S.C. § 1692e

58.     Paragraphs 1 through 57 of the Complaint are incorporated by reference.

59.     By failing to inform Plaintiff that in order to obtain validation of the alleged debt and/or the name and address of the original creditor, or to obtain the right to have the debt collector cease collection of the debt, or any disputed portion thereof, the request must be "in writing," Defendant violated 15 U.S.C. § 1692e. *Bicking v. Law Offices of Rubenstein and Cogan*, __ F. Supp. 2d at __, 2011 WL 1740156, 2011 U.S. Dist. Lexis 48623 (E.D. Va. 2011).

60.     As a result, Plaintiff is entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs against Defendant pursuant to 15 U.S.C. § 1692k.

### Count IV: Violations of the FDCPA, 15 U.S.C. § 1692e

61.     Paragraphs 1 through 60 of the Complaint are incorporated by reference.

62.     By falsely stating in the September 24, 2010 letter that the note had been lost, misplaced or destroyed, Defendant violated 15 U.S.C. § 1692e, e(2)(A), e(5) and/or e(10).

63.     In the alternative, by falsely stating that the creditor to whom the debt was owed was The Bank of New York Mellon FKA The Bank of New York As Trustee For The Benefit Of Alternative Loan Trust 2007-J1 Mortgage Pass-Through Certificates, Series 2007-J1, Defendant violated 15 U.S.C. § 1692e, e(2)(A), e(5) and/or e(10).

64.     As a result, Plaintiff is entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs against Defendant pursuant to 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that the Court grant the following relief:

1.     Award Plaintiff's actual damages;

2.     Award Plaintiff's statutory damages;

3.     Award Plaintiff's reasonable attorney's fees;

4.     Award Plaintiff's costs;

5.     Such other relief as may be just and proper.

## TRIAL BY JURY IS DEMANDED

Respectfully submitted,
Tina P. Solomon
By Counsel

By: Dale W. Pittman, VSB#15673
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, VA 23803
(804) 861-6000
(804) 861-3368 Facsimile
dale@pittmanlawoffice.com

Kristi Cahoon Kelly, Esq., VSB #72791
J. Chapman Petersen, Esq., VSB # 37225
SUROVELL ISAACS PETERSEN & LEVY PLC
4010 University Drive, 2nd Floor
Fairfax, VA 22030
(703) 277-9774
(703) 591-9285 Facsimile
kkelly@siplfirm.com

Leonard A. Bennett, VSB #37523
Susan M. Rotkis, VSB #40639
CONSUMER LITIGATION ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 201
Newport News, Virginia 23606
(757) 930-3660
(757) 930-3662 Facsimile

Matthew J. Erausquin, VSB #65434
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Rd, Suite 600
Alexandria, VA 22314
(703) 273-7770
(888) 892-3512 Facsimile

Counsel for Plaintiff